IN THE MATTER OF THE PETITION OF GEORGE W. WELSH TO VACATE AN ASSESSMENT.

*Assessments — a provision for vacating an assessment, when a prior one has been paid, is not applicable where the city owned the property at the time of the first assessment — 1872, chap. 580, sec. 7.*

The clause contained in section 7 of chapter 580 of 1872 excepting from the prohibition against vacating assessments for the causes therein mentioned, "cases of assessment for repaving any street or public place upon property for which an assessment has once been paid for paving the same street or public place," does not apply to cases in which the property, at the time of the making and payment of the first assessment, was owned by the city, which paid the assessment and subsequently conveyed it to private persons.

APPEAL from an order made at a Special Term, vacating an assessment for flagging Third avenue.

The assessment list was confirmed May 25, 1869. The petitioner moved to vacate it upon the ground, among others, that a prior assessment for paving the same street had been laid upon the lots and paid. It appeared that an assessment for curbing, guttering and flagging Third avenue was laid upon the lots in question December 21, 1849, which was paid February 2, 1850. The lots were then owned by the city, which conveyed them to the petitioner in 1867.

*J. A. Beall*, for the City of New York, appellant.

*Moody B. Smith*, for the petitioner, respondent.

DAVIS, P. J.:

This matter was disposed of by the Special Term solely on the authority of *In re Phillips* (60 N. Y., 16) The distinction between that case and the present is found in the fact that when the first assessment for laying a sidewalk was made and paid it was made against the city of New York, which was then the owner of the premises, and paid by that corporation. Afterwards the premises were sold by the city and conveyed to the petitioner. No private property holder had ever been previously assessed for any improvement of the kind. The city had simply flagged its own property, paying for it itself. It was its voluntary act and not a compulsory one and is not within the spirit of the statute which, as held by the Court of Appeals, was intended to compel the corporation to bear the expense of " repaving a street which has once been paved by the compulsory proceeding of assessment against a private owner."

The statute does not declare, nor do we think it was intended to do so, that if the city has voluntarily paved a street or flagged a sidewalk in front of its own property it shall, therefore, forever afterwards bear the whole expense of repaving or reflagging the same street or sidewalk when the property is sold to private owners. Such a construction is not within the spirit or intention of the statute, and is against public policy, inasmuch as it would exempt all the real estate of the city from the burden of sharing in the cost

of public improvements when sold to private owners, because the city had seen fit to make at its own expense similar improvements while holding the title.

We think the order should be reversed, with ten dollars costs of the appeal, and the prayer of the petitioner denied.

DANIELS, J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

So ordered.